| | |
|---|---|
| **CHARLES W. HANEY, II,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **NORTH CAROLINA DEPARTMENT** ) | |
| **OF CORRECTION, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

## I. BACKGROUND

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Wilkes Correctional Center.[1] [Doc. 1]. The Plaintiff asserts claims for "negligence to protect [Plaintiff] and [his] civil rights" and for falsely charging him with disciplinary infractions. [Id. at 3]. He names as Defendants: "North Carolina Dept of Corrections and Officers;" Jacob Windebarger, a correctional officer; Burton M. Adams, a sergeant; and Johnathan Maddedn, whom he does not identify. [Id. at 2-3]. The Plaintiff describes his claims as follows:

> I was exposed to second smoke of other inmates while locked within the facility and due to the negligence of the officers and Sgts. Listed. In doing so I sustained a traumatic brain injury from becoming dizzy and falling hitting my head. I now have seizures and in order to cover theirselves they charged me without any drug test. And took me before DHO White not in the right state of mind, due to injury.

---

[1] "Wilkes Correctional Institution" in the Complaint. [Doc. 1 at 1-2]. The Plaintiff is currently incarcerated at the Pender Correctional Institution.

> Then kept charging me each time I had a seizure.

[Id. at 2] (errors uncorrected). For injury, he claims:

> With a traumatic brain injury, which caused vision problems in my left eye and hearing problem (loss) in left ear, and lost my sense of smell, also have a slight stutter at times. Migraine headaches, insomnia, and seizures which I have to take medication for.

[Id. at 3] (errors uncorrected). He seeks damages and a jury trial. [Id. at 5].

## II.     STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut.

2

Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff purports to sue the "North Carolina Dept of Corrections" for damages. This appears to refer to the North Carolina Department of Adult Corrections (NCDAC). However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, NCDAC is not a "person" under § 1983. See Fox v. Harwood, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). The claims against "North Carolina Dept of Corrections" are, therefore, dismissed with prejudice.

The Plaintiff also purports to sue unspecified NCDAC "Officers" who allegedly "were staff of NC Dept of Adult Corrections." [Doc. 1 at 1-2]. John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery. See Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 198 (footnote omitted). Here, the Plaintiff has provided no information whatsoever from which the Court can conclude that he would likely be able to identify the "Officers" through discovery. These claims are, therefore, dismissed without

prejudice.

The Plaintiff uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1 at 6 ("they" brought the Plaintiff before a disciplinary hearing officer when he was "not in the right state of mind" then charged him each time he had a seizure)]. Such claims are too vague and conclusory to proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F. 3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). These claims are also nullities insofar as the Plaintiff refers to individuals not named as defendants in the case caption. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The allegations that are not attributed to any Defendant are, therefore, dismissed without prejudice.

Construing the allegations liberally, the Plaintiff appears to assert claims against Defendants Adams, Winebarger, and Maddedn for exposing him to dangerous conditions of confinement, and for negligently failing to protect him from the same. The Plaintiff alleges that "Officers and Sgts on duty did not fulfill their jobs in protecting [Plaintiff] from second hand smoke when entire building was filled with smoke from illegal substance smoking," and that

4

Defendants Winebarger and Adams were "on duty … at the time." [Doc. 1 at 2-3] (errors uncorrected).

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

The Plaintiff's vague and conclusory allegations fail the most basic pleading requirements, and appear to rely on respondeat superior. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff's claims regarding the conditions of his confinement are, therefore, dismissed without prejudice.

Because this § 1983 claim fails initial review, the Court declines to exercise supplemental jurisdiction over the Plaintiff's North Carolina negligence claim that is based on the same alleged incidents. See Artis v. Dist. of Columbia, 583 U.S. 71 (2018); 28 U.S.C. § 1367(c)(3).

Finally, the Plaintiff appears to assert claims against Defendants Adams, Winebarger, and Maddedn for charging him with false disciplinary infractions. Specifically, he claims that "[t]he officer and sgts. charged [him] with 3-A26's and A-23 to cover their own failure to do their job…" and that they "[l]ied and falsely accused [Plaintiff] of drug use when they didn't even drug test [him]." [Doc. 1 at 3]. The NCDAC's website reflects that the Plaintiff has sustained

5

three disciplinary convictions for "inhale substance."[2]

The Plaintiff's vague and conclusory allegations about false disciplinary charges fail to plausibly allege how any Defendant personally acted to violate the Plaintiff's rights. See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02.

Moreover, these claims also appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

If the Plaintiff were to prevail on his claim that the disciplinary charges were false, this would necessarily imply the invalidity of those disciplinary convictions. See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that

---

[2] See https://webapps.doc.state.nc.us/opi/viewoffenderinfractions.do?method=view&offenderID=0707348&listpage=1&listurl=pagelistoffendersearchresults&searchLastName=haney&searchFirstName=charles&searchMiddleName=w&searchDOBRange=0&obscure=Y (last accessed May 2, 2024); Fed. R. Ev. 201.

there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings); Moskos v. Hardee, 24 F.4th 289 (4th Cir. 2022) (prisoner could not bring § 1983 due process claim that prison officials fabricated evidence so that plaintiff would be wrongfully convicted of prison disciplinary infractions, causing him to lose good-time credits, because the disciplinary conviction had not been invalidated). The Plaintiff, however, has not alleged that the disciplinary convictions have been reversed or otherwise invalidated. The Plaintiff's claims addressing false disciplinary charges thus appear to be barred by Heck and they will be dismissed without prejudice.

## IV. CONCLUSION

In sum, the Complaint fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The claims against "North Carolina Dept of Corrections" are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed and closed without further notice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's claims against "North Carolina Dept of Corrections" are **DISMISSED WITH PREJUDICE**.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: May 7, 2024

Graham C. Mullen
United States District Judge