UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00047-GCM

| | |
|---|---|
| CHARLES W. HANEY, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF CORRECTION, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se Letter [Doc. 7] that is construed as a Notice of Voluntary Dismissal.[1]

The incarcerated pro se Plaintiff, proceeding in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Wilkes Correctional Center. [Doc. 1]. On May 7, 2024, the Complaint was dismissed on initial review and the Plaintiff was granted the opportunity to amend. [Doc. 6].

On May 15, 2024,[2] the Plaintiff filed a Letter stating that he "[does not] wish to prosue this case any further." [Doc. 7 at 1] (errors uncorrected). The Plaintiff has attached to the Letter the Clerk of Court's May 3, 2024 Order granting him leave to proceed in forma pauperis and directing the prison to transmit partial payments of the filing fee. [Doc. 7-1; see Doc. 5].

---

[1] The Plaintiff is reminded that he must file a "Motion" to request relief from the Court. [See Feb. 12, 2024 Standing Order]. Any future letters or other improper filings will not receive a response from the Court and may be stricken.

[2] The Letter is dated May 6, 2024, however, the Plaintiff does not indicate the date upon which he placed the Letter in the prison mail system. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

Under Rule 41(a)(1)(i), a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal any time before the adverse party serves him with an answer or a motion for summary judgment, whichever occurs first. See Fed. R. Civ. P. 41(a)(1)(i). The dismissal is without prejudice unless the notice of dismissal states otherwise. Fed. R. Civ. P. 41(a)(1)(B). "A voluntary dismissal under Rule 41(a)(1)(i) 'is available as a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required.'" In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) (quoting Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993) (citations omitted)). Voluntarily dismissing a case does not excuse a prisoner from paying the filing fee. [See Feb. 15, 2024 Standing Order at ¶ 2].

The Plaintiff is notified that, unless Plaintiff files written objections within fourteen (14) days of this Order, the Court will construe the Letter as seeking voluntary dismissal of this action without prejudice pursuant to Rule 41. Should the Plaintiff fail to file timely objections, this action will be dismissed and closed without further notice.

**IT IS THEREFORE ORDERED** that:

1. The Letter [Doc. 7] is construed as a Notice of Voluntary Dismissal.
2. The Plaintiff may file written objections within **fourteen (14) days** of this Order if he did not intend to voluntarily dismiss this case.
3. Should Plaintiff fail to timely object, this action will be dismissed and closed without further notice.

**IT IS SO ORDERED**.

Signed: May 20, 2024

Graham C. Mullen
United States District Judge